UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEX LORA<br>    Plaintiff<br>v.<br><br>PATRICK K. MORAN, Individually;<br>JON KACHADOORIAN, Individually; and<br>CITY OF WORCESTER<br>    Defendants | C.A. No. 13-40131-TSH |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action filed by the Plaintiff, Alex Lora, alleging that his Constitutional rights under the Fourth and Fourteenth Amendments were violated by the unlawful actions of the Defendants, Patrick Moran and Jon Kachadoorian, police officers employed by the City of Worcester. The Plaintiff further invokes this Court's pendent jurisdiction in regard to a claim against the Defendant, City of Worcester, for violation of the Massachusetts Public Records Law, G.L. c. 66, § 10.

### Jurisdiction

1.  This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned constitutional and statutory provisions. The Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide Counts III through VII arising under state law.

### Parties

2.  The Plaintiff, Alex Lora, is a citizen of the United States and a resident of Worcester within the Commonwealth of Massachusetts.

3. The Defendant, Patrick K. Moran ("Defendant Moran"), was, at all times relevant hereto, a police officer employed by the police department of the City of Worcester, Massachusetts. Defendant Moran is sued in his individual capacity.

4. The Defendant, Jon Kachadoorian ("Defendant Kachadoorian") was, at all times relevant hereto, a police officer employed by the police department of the City of Worcester, Massachusetts. Defendant Kachadoorian is sued in his individual capacity.

5. The Defendant, City of Worcester, is a municipal body within the Commonwealth of Massachusetts.

6. At all times mentioned herein, Defendants Moran and Kachadoorian were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts, the City of Worcester and/or the Worcester Police Department.

## Facts Common to All Counts

7. On April 11, 2011, the Plaintiff was a visitor lawfully inside the premises at a residence located at 73 Fairfax Road in Worcester, Massachusetts (hereinafter, the "premises").

8. On April 11, 2011, multiple officers employed by the Worcester Police Department, including Defendants Moran and Kachadoorian, executed a search warrant issued to permit a search for a Class B controlled substance and drug-related materials at the premises.

9. Said officers forcibly entered the premises by kicking in the door of the premises with guns drawn, ordered the occupants to the floor and handcuffed all four adults who were present inside the premises, including the Plaintiff.

10. Defendants Moran and Kachadoorian escorted the handcuffed Plaintiff to the bathroom inside the premises for the purpose of conducting a strip search.

11. After removing one handcuff, Defendant Moran ordered the Plaintiff to put his hands on his head.

12. When the Plaintiff responded, "I know the routine," Defendant Moran struck the Plaintiff without provocation with such force that the Plaintiff fell over the toilet in the close quarters of the bathroom, landing on the floor.

13. Still without any provocation, Defendant Moran then struck the Plaintiff several more times in the face and ribs with his fists and struck him in the stomach with his knee, all while the Plaintiff attempted to cover up to protect himself.

14. While Defendant Moran was assaulting the Plaintiff, Defendant Kachadoorian stood by observing and failed to intervene. Instead of intervening, Defendant Kachadoorian taunted the Plaintiff by stating, "Cry. Cry" and inquiring, "Do you want to be a smart ass?"

15. Defendant Moran then picked the Plaintiff up from the floor by pulling his hair with such force and violence that the Plaintiff's hair was ripped from his scalp, leaving a large contusion on the back of his head.

16. Despite the Plaintiff's injuries, the defendant officers continued to search him until, after finding no contraband, they reapplied the handcuffs and escorted the Plaintiff back to the living room within the premises.

17. When Defendants Moran and Kachadoorian entered the living room with the Plaintiff, one of them addressed one of the other occupants by asking, "Do you have something to say, because it didn't go too well for your buddy here?"

18. Despite searching the premises and all persons present at the scene for more than one hour and causing significant damage to the premises, no contraband was found.

19. At all times relevant to this complaint, the Plaintiff acted without any provocation toward the Defendant police officers.

20. The Plaintiff was not charged with resisting arrest or assaulting a police officer, and there was no justifiable reason for the force used by Defendant Moran.

21. As a result of the conduct of the Defendants, the Plaintiff suffered serious and painful injuries, including permanent scarring to his scalp, and suffered severe emotional distress.

22. On or about May 25, 2011, pursuant to M.G.L. c. 258, the Plaintiff presented a claim to the City Manager of the City of Worcester. The City has failed to respond to said presentment.

### Count I
### v. Defendant Patrick K. Moran
### Violation of § 1983

23. The Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 22 of this Complaint as though fully set forth herein.

24. Defendant Moran purposefully applied unnecessary and excessive force to the Plaintiff.

25. The use of force by Defendant Moran was entirely unjustifiable by any of the Plaintiff's actions; was an unreasonable and excessive use of force and an unreasonable seizure; and constituted a violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

26. The conduct of Defendant Moran was actuated by evil motive or intent or with reckless or callous indifference to the Plaintiff's constitutional rights.

27. As a direct and proximate result of Defendant Moran's acts, committed under color of law and under his authority as a police officer, the Plaintiff has suffered severe and permanent injuries, as described above, and was deprived of his rights in violation of the Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983.

### Count II
### v. Defendant Jon Kachadoorian
### Violation of § 1983

28. The Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 27 of this Complaint as though fully set forth herein.

29. Defendant Kachadoorian was present and immediately next to the Plaintiff at the time that Defendant Moran used excessive and unnecessary force on Plaintiff.

30. Defendant Kachadoorian knew that Defendant Moran was using excessive and unjustified force on the Plaintiff in violation of his Constitutional rights.

31. Defendant Kachadoorian had a reasonable opportunity to intervene and was capable of preventing the harm caused to Plaintiff.

32. Defendant Kachadoorian had a duty to intervene to prevent the abuse of Plaintiff.

33. Instead of performing his duty to intervene, Defendant Kachadoorian stood idly by and failed to prevent his fellow officer, Defendant Moran, from depriving Plaintiff of his Constitutional rights and causing him harm.

34. The acts and omissions of Defendant Kachadoorian were intentional, knowing, reckless, and done with deliberate indifference to the mental and physical condition

of Plaintiff, and deprived Plaintiff of his Fourth Amendment rights, including the right to be secure in his person against unreasonable seizure, made actionable pursuant to 42 U.S.C. §1983.

35. As a direct and proximate result of Defendant Kachadoorian's acts, committed under color of law and under his authority as a police officer, the Plaintiff has suffered severe and permanent injuries, as described above, and was deprived of his rights in violation of the Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983.

### Count III
### v. Defendant City of Worcester
### Violation of M.G.L. c. 66, § 10

36. The Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 35 of this Complaint as though fully set forth herein.

37. In response to the Plaintiff's presentment of his claim, the City of Worcester, by and through its employee and agent, Gary J. Gemme, the Chief of Police of the Worcester Police Department, purportedly caused an investigation to be conducted concerning the Plaintiff's allegations by the Bureau of Professional Standards of the Worcester Police Department.

38. Upon information and belief, the Bureau of Professional Standards conducted an investigation into the Plaintiff's claims and, on March 9, 2012, the Plaintiff, through counsel, submitted a request for a copy of said report of investigation pursuant to the Massachusetts Public Records Law, G.L. c. 66, § 10.

39. On March 26, 2011, Police Chief Gemme, acting as an employee and agent of the Defendant, City of Worcester, responded to the request for public records, refusing to produce the report of investigation and claiming that said record is exempt from production.

40.     On May 29, 2011, the Plaintiff appealed Chief Gemme's refusal to produce the investigative report to the Supervisor of Records in the office of the Secretary of State.

41.     By letter of August 7, 2012, the Supervisor of Records advised Plaintiff's counsel that the Supervisor had received information from the Worcester City Solicitor indicating that the investigation had been completed and that the Police Department would produce all previously withheld documents. Accordingly, the Supervisor of Records closed the Plaintiff's appeal.

42.     Based upon this representation, Plaintiff's counsel forwarded payment for copies of the records to the City of Worcester on August 30, 2012.

43.     On October 17, 2012, Chief Gemme responded to the Plaintiff's request and, contrary to the representations made to the Supervisor of Records by the City Solicitor, again refused to produce the record of investigation, now claiming that the investigation was "unresolved" and, therefore, not a public record.

44.     On November 15, 2012, the Plaintiff reinitiated his appeal to the Supervisor of Records concerning the City's refusal to produce the investigative report.

45.     On March 8, 2013, the Supervisor of Records acted on the Plaintiff's appeal by advising the City that the report of investigation could not permissibly be withheld, and ordered the Worcester Police Department to produce the report within ten days.

46.     On April 11, 2013, Chief Gemme submitted a letter to Plaintiff's counsel indicating that, despite the order of the Commonwealth's Supervisor of Records, he would not produce the report.

47.     Upon information and belief, the investigative report contains information relevant to the facts surrounding the deprivation of the Plaintiff's constitutional rights and the

identity of officers who were either involved in, or who have information concerning, said deprivation.

48.  By refusing to produce said records in direct contravention of the order of the Commonwealth's Supervisor of Records, and despite a prior Massachusetts Superior Court decision in another case ordering the Department to produce a record of an internal affairs investigation involving police misconduct, the Defendant, City of Worcester, by and through its agent and employee, Chief Gemme, is acting without legal justification and in bad faith for the unlawful purposes of concealing evidence and protecting police officers from claims of misconduct, with the intention of interfering with the Plaintiff's legitimate efforts to investigate his claim.

49.  By the acts detailed above, the Defendant, City of Worcester, has violated the provisions of M.G.L. c. 66, § 10.

## Count IV
## Defendant Patrick K. Moran
## Assault and Battery

50.  The Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 27 of this Complaint as though fully set forth herein.

51.  Defendant Moran assaulted and battered the Plaintiff by striking in the face and body and pulling his hair without any legal justification.

52.  As a result of the assault and battery committed by the Defendant, the Plaintiff suffered severe and permanent personal injuries and suffered great pain of body and mind.

### Count V
### v. Defendants Moran and Kachadoorian
### Massachusetts Civil Rights Act

53. The Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 35 of this Complaint as though fully set forth herein.

54. The actions of the Defendants Moran and Kachadoorian, done by threats, intimidation or coercion, interfered with the Plaintiff's rights secured by Articles 1 and 14 of the Massachusetts Declaration of Rights.

55. As a proximate result of the Defendants' actions, the Plaintiff suffered severe and permanent personal injuries and suffered great pain of body and mind.

### Count VI
### v. Defendants Moran and Kachadoorian
### Intentional Infliction of Emotional Distress

56. The Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 35 of this Complaint as though fully set forth herein.

57. The acts and conduct of the Defendants as set forth above were extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

58. The Defendants intended to cause or were in reckless disregard of the probability that their conduct would cause severe emotional distress to the Plaintiff.

59. The Defendants' conduct directly and proximately caused severe emotional distress to the Plaintiff.

### Count VII
### v. Defendants Moran and Kachadoorian
### Punitive Damages

60. The Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 59 of this Complaint as though fully set forth herein.

61. The Defendants' conduct was outrageous and warrants condemnation and deterrence, and the Plaintiff is entitled to punitive damages.

WHEREFORE, the Plaintiff requests that this Court:

a. Award compensatory damages against the Defendants;

b. Award punitive damages;

c. Award attorney's fees and costs of this action;

d. Enter a declaratory judgment that the Defendant, City of Worcester, has violated G.L. c. 66, § 10, and order the City to produce a copy of the Internal Affairs investigation report; and

e. Award such other and further relief as this Court may deem appropriate.

**A JURY TRIAL IS HEREBY DEMANDED**

The Plaintiff,
By his attorneys,

*/s/Jeffrey M. Sankey*
Jeffrey M. Sankey, BBO No. 551062
Sankey Law Offices, P.C.
25 Braintree Hill Park, Suite 200
Braintree, MA 02184
(781) 930-3127
(781) 380-3650 FAX
jsankey@sankeylaw.com