UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALEX LORA, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. NO. 13-40131-TSH |
| | ) | |
| PATRICK K. MORAN, Individually; | ) | |
| JON KACHADOORIAN, Individually; and | ) | |
| CITY OF WORCESTER, | ) | |
| Defendants | ) | |
| | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, Patrick K. Moran, Jon Kachadoorian and the City of Worcester (City) (collectively, Defendants), answer Plaintiff's First Amended Complaint and Demand for Jury Trial as follows:

### INTRODUCTION

The introductory paragraph of Plaintiff's First Amended Complaint presents a conclusion of law to which a responsive pleading by Defendants is not required. But insofar as that paragraph can be construed as alleging facts, Defendants deny them.

### JURISDICTION

1. Defendants neither admit nor deny the allegations contained within paragraph 1 of Plaintiff's First Amended Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

### PARTIES

2. Defendants neither admit nor deny the allegations contained within paragraph 2 of Plaintiff's First Amended Complaint, as they are without sufficient knowledge or information to form a belief as to the truth of the matter asserted.

3. Defendants admit that Moran was at all times material hereto a police officer of the Worcester Police Department (WPD), but neither admit nor deny the remaining allegation contained within paragraph 3 of Plaintiff's First Amended Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

4.      Defendants admit that Kachadoorian was at all times material hereto a police officer of the Worcester Police Department (WPD), but neither admit nor deny the remaining allegation contained within paragraph 4 of Plaintiff's First Amended Complaint, as it presents a conclusion of law to which a responsive pleading by Defendants is not required.

5.      Defendants admit the allegations contained within paragraph 5 of Plaintiff's First Amended Complaint.

6.      Defendants admit that, at all times material hereto, Moran and Kachadoorian were acting under color of law as officers of the WPD, and Defendants neither admit nor deny the remaining allegations contained within paragraph 6 of Plaintiff's First Amended Complaint as they present a conclusion of law to which a responsive pleading by Defendants is not required.

**FACTS**

7.      Defendants admit the allegations in paragraph 7 of Plaintiff's First Amended Complaint that Plaintiff was inside the residence located at 73 Fairfax Road in Worcester, Massachusetts, on April 11, 2011, when a search warrant was executed by officers of the WPD, but Defendants have insufficient information to enable them to admit or deny the remaining allegations contained in that paragraph.

8.      Defendants admit the allegations in paragraph 8 of Plaintiff's First Amended Complaint that Moran and Kachadoorian participated in the execution of the search warrant on April 11, 2011, which was to permit a search for cocaine, a class B controlled substance, and drug and distribution related materials.

9.      Defendants admit the allegations in paragraph 9 of Plaintiff's First Amended Complaint that the officers forced entry to the premises, some of the officers may have had guns drawn, that they ordered the occupants to the floor and handcuffed the four adults present, including Plaintiff, but Defendants deny that officers kicked in the door to the premises.

10.     Defendants admit the allegation in paragraph 10 of Plaintiff's First Amended Complaint that Moran and Kachadoorian escorted Plaintiff to the bathroom inside the premises, but deny that it was for the purpose of conducting a strip search, as Plaintiff had defecated in his pants and asked to go to the bathroom to clean himself.

11.     Defendants admit the allegations in paragraph 11 of Plaintiff's First Amended Complaint.

12.     Defendants admit the allegation in paragraph 12 of Plaintiff's First Amended Complaint that Plaintiff said something similar to "I am a criminal, I've been through this a bunch of times," but Defendants deny the remaining allegations in that paragraph.

13.     Defendants deny the allegations in paragraph 13 of Plaintiff's First Amended Complaint.

14.     Defendants deny the allegations in paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendants deny the allegations in paragraph 15 of Plaintiff's First Amended Complaint.

16. Defendants deny the allegations in paragraph 16 of Plaintiff's First Amended Complaint that the officers injured Plaintiff and deny that Plaintiff was injured, but Defendants admit that Plaintiff was searched for weapons and contraband, that no contraband was found, and that Plaintiff was re-handcuffed and escorted back to the living room.

17. Defendants deny the allegations in paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendants deny the allegation in paragraph 18 of Plaintiff's First Amended Complaint that the officers caused "significant damages to the premises," but admit that the officers performed a thorough search of the premises and the people present, and that no controlled substances were found.

19. Defendants admit the allegations in Paragraph 19 of Plaintiff's First Amended Complaint that Plaintiff did not act in a manner that required the police officers to use force against him, and further state that no force was used against Plaintiff.

20. Defendants admit the allegation in paragraph 20 of Plaintiff's First Amended Complaint that Plaintiff was not charged with resisting arrest or assaulting a police officer, and Defendants deny that Moran had to use force against Plaintiff.

21. Defendants deny the allegations in paragraph 21 of Plaintiff's First Amended Complaint.

22. Paragraph 22 of Plaintiff's First Amended Complaint presents a conclusion of law to which a responsive pleading by Defendants is not required. But insofar as that paragraph can be construed as alleging facts, the City admits that it received correspondence sent on behalf of Plaintiff dated May 25, 2011.

**<u>Count I</u>**
**v. Defendant Patrick K. Moran**
**Violation of § 1983**

23. Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

**Count II**
**v. Defendant Jon Kachadoorian**
**Violation of § 1983**

28.     Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

29.     Defendants deny the allegations contained in paragraph 29 of Plaintiff's First Amended Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's First Amended Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of Plaintiff's First Amended Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of Plaintiff's First Amended Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of Plaintiff's First Amended Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiff's First Amended Complaint.

**Count III**
**v. Defendant City of Worcester**
**Violation of M.G.L. c. 66, § 10**

36.     Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

37.     Defendants admit the allegations in paragraph 37 of Plaintiff's First Amended Complaint.

38.     Defendants admit the allegations in paragraph 38 of Plaintiff's First Amended Complaint.

39.     Defendants admit the allegations in paragraph 39 of Plaintiff's First Amended Complaint, but deny that the response was in 2011, but, rather, 2012.

40.     Defendants admit the allegations in paragraph 40 of Plaintiff's First Amended Complaint, but deny that the appeal was in 2011, but, rather, 2012.

41.     Defendants admit the allegations in paragraph 41 of Plaintiff's First Amended Complaint.

42.     Defendants admit the allegations in paragraph 42 of Plaintiff's First Amended Complaint.

43. Defendants admit the allegations in paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendants admit the allegations in paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendants admit the allegations in paragraph 45 of Plaintiff's First Amended Complaint.

46. Defendants admit the allegations in paragraph 46 of Plaintiff's First Amended Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendants deny the allegations in paragraph 48 of Plaintiff's First Amended Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's First Amended Complaint.

### Count IV
### v. Defendant Patrick K. Moran
### Assault and Battery

50. Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's First Amended Complaint.

52. Defendants deny the allegations in paragraph 52 of Plaintiff's First Amended Complaint.

### Count V
### v. Defendants Moran and Kachadoorian
### Massachusetts Civil Rights Act

53. Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

54. Defendants deny the allegations in paragraph 54 of Plaintiff's First Amended Complaint.

55. Defendants deny the allegations in paragraph 55 of Plaintiff's First Amended Complaint.

### Count VI
### v. Defendants Moran and Kachadoorian
### Intentional Infliction of Emotional Distress

56. Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

57. Defendants deny the allegations in paragraph 57 of Plaintiff's First Amended Complaint.

58. Defendants deny the allegations in paragraph 58 of Plaintiff's First Amended Complaint.

59. Defendants deny the allegations in paragraph 59 of Plaintiff's First Amended Complaint.

## Count VII
## v. Defendants Moran and Kachadoorian
## Punitive Damages

60. Defendants repeat their responses to the foregoing paragraphs as if fully set forth herein.

61. Defendants deny the allegations in paragraph 61 of Plaintiff's First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

The City has fully complied with the requirements of the Public Records Law, G. L. c. 66 § 10(a), and provided the Plaintiff with all documents responsive to that request, withholding only documents exempt from disclosure as public records due to the investigatory records exception, personnel records exception and the privacy interest of the police officers, in particular with regard to unresolved allegations.

### THIRD AFFIRMATIVE DEFENSE

The individual Defendants are qualifiedly immune from liability in their individual capacity.

### FOURTH AFFIRMATIVE DEFENSE

Defendants' actions were justified and in good faith at all times.

### FIFTH AFFIRMATIVE DEFENSE

Any force used as to Plaintiff was reasonable under all the circumstances.

### SIXTH AFFIRMATIVE DEFENSE

There was probable cause for Plaintiff's detainment.

### SEVENTH AFFIRMATIVE DEFENSE

The police officers did not intend to cause Plaintiff emotional distress, nor did they know or should they have known that that emotional distress was likely to result from their conduct.

### EIGHTH AFFIRMATIVE DEFENSE

The police officers' conduct did not cause the plaintiff's emotional distress, or any emotional distress suffered by the plaintiff was not severe, nor was it of a nature that no reasonable person could be expected to endure it.

### NINTH AFFIRMATIVE DEFENSE

Defendants at all times acted reasonably and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

### TENTH AFFIRMATIVE DEFENSE

The individual Defendants did not interfere with, or attempt to interfere with, any federal or state constitutional or statutory right of Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual deprivation of any rights secured by the Constitution or laws of either the United States or the Commonwealth.

### TWELFTH AFFIRMATIVE DEFENSE

The City is not liable under 42 U.S.C. § 1983 because the actions of the individual Defendants were constitutional, i.e., did not deprive Plaintiff of any rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

A City policy or custom did not cause any violation of Plaintiff's constitutional rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as Plaintiff consented to the actions of the individual Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

The actions of the individual Defendants were, at all times, justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

### SIXTEENTH AFFIRMATIVE DEFENSE

The individual Defendants at all times were motivated with neither an evil intent or motive, nor a reckless or callous indifference, toward any of Plaintiff's rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against a municipality.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The individual Defendants did not intend to create in Plaintiff a reasonable apprehension of impending physical harm.

### NINETEENTH AFFIRMATIVE DEFENSE

The individual Defendants did not intentionally and unjustifiably use excessive or harmful force against Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

In the event Plaintiff did resist detainment, Plaintiff had no right to resist detainment by the individual Defendants, and he is responsible for all injuries caused by that resistance.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants were justified in restraining Plaintiff, as his detainment was not unlawful.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants did not at any time act with malice toward Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damage as alleged, such damage was caused by Plaintiff's own actions or omissions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any damages incurred by Plaintiff as alleged were the result of Plaintiff's own intentional conduct and Plaintiff is therefore barred from recovery.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claimed injuries or damages were caused, in whole or in part, by Plaintiff's violation of statutes, ordinances, regulations, policies or other legal authority governing the conduct of the parties at the time that said injuries or damages were sustained.

#### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants are not liable because the actions of Defendants were privileged.

#### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The actions of Defendants alleged in Complaint were neither the proximate nor the actual cause of any damage suffered by Plaintiff.

#### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and made in bad faith, and Defendants therefore demand their costs and attorneys' fees.

#### TWENTY-NINTH AFFIRMATIVE DEFENSE

The touching and/or seizure of Plaintiff was statutorily and constitutionally proper and appropriate.

#### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff fails to allege sufficiently that Defendants' conduct was extreme or outrageous.

#### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery because he was in violation of a statute, regulation and/or City ordinance at the time of the alleged incident.

#### THIRTY-SECOND AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's First Amended Complaint were the result of supervening and intervening causes unrelated to any acts of Defendants.

#### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to present due and proper notice upon the City under G. L. c. 258.

#### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering pursuant to the public duty rule, as well as the exceptions to municipal liability codified in G. L. c. 258, § 10.

#### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately plead any special damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's First Amended Complaint fails to state a claim under 42 U.S.C. § 1983 as the conduct alleged in Plaintiff's First Amended Complaint does not involve any particular right arising under the United States Constitution, and further that no violation of any constitutional right has been pleaded with the requisite particularity, and, therefore, counts purporting to allege such violation must be dismissed.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The Defendants are not liable for damages because any conduct by Defendants, their employees or agents, in connection with the matter alleged in the Complaint was discretionary within the scope of their authority as a public official and performed in good faith.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege any peculiar power of coercion possessed by Defendants.

### FORTIETH AFFIRMATIVE DEFENSE

An officer's mere presence at the scene of an incident does not give rise to a constitutional violation.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Any interference or attempted interference by Defendants with any of Plaintiff's secured rights was not by threats, intimidation or coercion.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Any direct deprivation of any of Plaintiff's secured rights is not cognizable under Mass. Gen. Laws c. 12, § 11I.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Punitive damages are not recoverable under Mass. Gen. Laws c. 12, § 11I.

WHEREFORE, Defendants request that Plaintiff's First Amended Complaint be dismissed with prejudice, with reasonable costs and attorney's fees awarded to Defendants.

Defendants request a jury trial as to all issues.

          PATRICK K. MORAN
          JON KACHADOORIAN
          CITY OF WORCESTER

          By their attorneys,

          David M. Moore
          City Solicitor

          */s/ Kevin M. Gould*
          Wendy L. Quinn (BBO #653954)
          Kevin M. Gould (BBO #661545)
          Assistant City Solicitors
          City Hall, Room 301
          455 Main Street
          Worcester, MA  01608
          (508) 799-1161
          quinnwl@worcesterma.gov
          gouldk@worcesterma.gov

## CERTIFICATE OF SERVICE

I, Kevin M. Gould, hereby certify that on this 29th day of July, 2014, I served the within Defendants' Answer to Plaintiff's First Amended Complaint and Demand for Jury Trial upon Plaintiff by providing a copy of the same to Plaintiff's counsel of record via the United States District Court's electronic notification system.

          */s/ Kevin M. Gould*
          Kevin M. Gould
          Assistant City Solicitor